# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: § § **MARGARET NADINE ALEXANDER, and** § **SIMONEAUX JUDE ALEXANDER,** § § **Debtors.** § § | **CASE NO. 17-10201-TMD** **CHAPTER 7** | |

| | |
|---|---|
| **BEACH COMMUNITY BANK,** § § **Plaintiff,** § § v. § § **MARGARET NADINE ALEXANDER, and** § **SIMONEAUX JUDE ALEXANDER** § § **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Pursuant to Sections 523(a)(2) and 727(a) (2), (3), and (4) of the Bankruptcy Code and the laws of the State of Texas, Florida, and the United States, Beach Community Bank ("Plaintiff") objects to the discharge of the debts that the debtors, Margaret Nadine Alexander and Simoneaux Jude Alexander ("Debtors," or the "Defendants"), and makes its complaint as follows:

### NATURE OF ACTION

1. Plaintiff seeks a judgment under Bankruptcy Code § 523, declaring that Defendant's obligation to Plaintiff is not discharged as a result of any discharge Defendant may receive in his pending bankruptcy. Plaintiff also seeks a judgment under Bankruptcy Code § 727,

declaring that Defendant is not entitled to a discharge under the Bankruptcy Code. Concurrently herewith, Plaintiff has objected to certain assets listed as being exempt in the Debtors' main case.

## PARTIES

2. Plaintiff is a Florida Banking Firm with its principal place of business in the State of Florida.

3. Defendant Margaret Nadine Alexander is a debtor herein and an individual listed in her schedules as residing at 640 Trailside Bnd, Round Rock, Texas 78665-2114.

4. Simoneaux Jude Alexander is an individual and debtor herein listed in his schedules as residing at 640 Trailside Bnd, Round Rock, Texas 78665-2114.

## SERVICE

5. Defendants may be served at their residence and the address listed on his bankruptcy petition, 640 Trailside Bnd, Round Rock, Texas 78665-2114, and through their counsel, S. Jason Gallini, Gallini Law, PLLC, P.O. Box 1283, Round Rock, Texas 78680-1283.

## VENUE & JURISDICTION

6. Because the underlying bankruptcy case is pending in the United States Bankruptcy Court for the Western District of Texas, Austin Division, venue is proper in this district and division pursuant to 28 U.S.C. § 1409(a).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334(b) and 11 U.S.C. §§ 105, 523, and 727. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) & (J). The Federal Rules of Bankruptcy Procedure will apply, supplemented by the Federal Rules of Civil Procedure and the Local Rules for the United States Bankruptcy Court for the Western District of Texas.

## SUMMARY OF COMPLAINT

8. The Debtors are judgment debtors pursuant to a judgment the ("Judgment") obtained by Plaintiff in the state courts of the State of Florida, which has been domesticated in the State of Texas. The judgment remains unpaid. In the course of collecting, the Debtors filed for bankruptcy protection.

9. The Judgment arises out of a series of loan agreements and promissory notes funded by the Plaintiff to an entity for which Debtor Simoneaux Jude Alexander was a managing member, and which loans were unconditionally and absolutely guaranteed by both Debtors. In order to induce Plaintiff to extend, renew, and/or refinance credit to the borrower in the form of credit, the Debtors, as guarantors, provided certain documentation to the Plaintiff, including a Personal Financial Statement. The values included in the financial statement and/or the documents submitted therewith included information that was false and upon which the Debtors knew Plaintiffs would rely.

10. On their Schedules, Defendants list as exempt an annuity valued at $410,000.00. Subsequent to the entry of the Judgment, the Debtors made transfers of non-retirement and non-exempt property into this annuity for the stated purpose of "creditor protection," as well as shares of stock labeled as "non-retirement." At least $145,000.00 of the annuity is the result of contributions of non-retirement non-exempt assets, and at least that amount is not exempt under the law.

11. In the course of collection efforts, the Plaintiff obtained an order allowing it to garnish a safe deposit box held by the Debtors. The day after the State Court entered an Order allowing for the box to be drilled, and before the Order could be executed upon, the Debtors filed their petition. The Debtors did not list the safe deposit box or its contents in their Schedules.

12. Because they have hidden and mischaracterized assets, the Debtors are not entitled to a discharge.

## STATEMENT OF FACTS

13. Debtor filed a petition for bankruptcy protection under chapter 7 of the Bankruptcy Code on or about February 21, 2017. The Court's Scheduling Order provides that the deadline to object to discharge is May 19, 2017. This Original Complaint is filed on or before that date.

14. On September 9, 2009, Plaintiff filed a lawsuit (the "Lawsuit") against the Debtors in the Circuit Court for the County of Okaloosa, Florida.

15. On March 26, 2010, the Circuit Court for the County of Okaloosa, Florida entered the Judgment, awarding Plaintiff herein a judgment against the Debtors, and others, in the amount of $3,409,999.40. As of April 20, 2017, the amount outstanding on the Judgment was $2,610,071.48.

16. In the months after the Lawsuit was filed, Debtors opened an investment brokerage account at SunTrust. The account is listed as joint tenants with rights of survivorship.

17. After the Judgment was entered, the Debtors transferred into the SunTrust account assets from a Wells Fargo "brokerage" account, which were identified as "Standard Brokerage Funds." These funds were identified as being transferred and received as joint funds and registered as joint tenant with rights of survivorship. They were not designated as retirement accounts or funds at either the transferring or receiving institution.

18. In March 2011, in accordance with forms signed in January of 2011, Debtors transferred to SunTrust a MetLife Annuity (the "Annuity") which, as of the time of transfer, was valued at $274,094.24.

19. In March of 2011, the Debtors added $100,000.00 of "new money" to the annuity. The funds were characterized as non-qualified. The source of funds is listed as "other" and was elsewhere later described as "idle cash from [a] money market account." Those funds originated from a non-exempt checking account. At the time of this transfer, Debtor listed $144,000 in cash or cash equivalents, $56,000 in mutual funds, stocks, and stock options, $280,133 in annuities, and an additional $700,000 of real estate held in trust.

20. In November of 2011, the Debtors contributed almost 200,000 shares of stock held in their own names to the SunTrust account.

21. In November of 2014, the Debtors transferred another $45,000.00 to the Annuity, which was classified as "new money" from a "brokerage account." At the time of the transfer of this new money, the Debtors stated that they "prefer[red] for the majority of their investments to be in annuities for creditors protection and for the death put." At the time of the "new money," Debtors listed annual income of $56,000 and expenses of $36,000, and $65,000 of cash and cash equivalents. Notably, Debtors listed *none* of their assets in qualified accounts, IRAs, or retirement plans.

22. On February 20, 2017, Plaintiff obtained an order allowing the inspection and inventory of the contents of a safe deposit box leased by the Debtors. The very next day, to thwart Plaintiffs' execution of the order, Debtors filed for bankruptcy protection. Debtors did not list the safe deposit box or its contents in their schedules.

23. Debtor is liable to Plaintiff for the amounts due under the Judgment. This debt should not be discharged, nor should the Debtor receive a discharge.

## CLAIMS FOR NON-DISCHARGEABILITY

24. Plaintiff incorporates each of the preceding paragraphs.

25. Under Bankruptcy Code §§ 523(a)(2)(A) and (B), Plaintiff is entitled to a judgment of this Court that Plaintiff's Judgment against the Debtors should not be discharged. Among other things, the Debtor obtained money, property, and/or an extension, renewal, or refinancing of credit, by false pretenses, a false representations, or actual fraud, and the Debtor made statements respecting their financial condition, in writing, which were false, upon which they intended Plaintiff to rely and which Plaintiff reasonably relied.

26. Alternatively, under Bankruptcy Code §§ 727(a)(2), (3), and (4), Debtor should be denied a discharge. Among other things, Debtor transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed, property of the debtor with intent to hinder, delay, or defraud creditors, within one year before the date of the filing of the petition and/or after the filing of the petition; concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which the his financial condition or business transactions might be ascertained, and knowingly and fraudulently, in or in connection with his case; made a false oath or account and withheld from an officer of the estate books, documents, records, and papers, relating to the debtor's property or financial affairs.

## CONCLUSION AND REQUEST FOR RELIEF

Under and pursuant to the Bankruptcy Code, Plaintiff is entitled to a declaration that Defendants' debt to Plaintiff is not discharged and that Defendants are not eligible for a discharge in bankruptcy.

In consideration of the foregoing, Plaintiff asks that upon the trial hereof the Court enter its judgment for Plaintiff as requested together with such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Charles W. Gameros, Jr., P.C.
Charles W. Gameros, Jr., P.C.
State Bar No. 00796596
Douglas Wade Carvell, P.C.
State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
6116 North Central Expressway, Suite 1400
Dallas, Texas   75206
Telephone:	(214) 765-6002
Telecopier:	(214) 292-8556
E-mail:	BGameros@LegalTexas.com
	WCarvell@LegalTexas.com

**ATTORNEYS FOR PLAINTIFF**